■ PETER B. KAPLAN et al., Respondents, v PAULINE ADAMS et al., Appellants. (Action No. 1.) PETER B. KAPLAN et al., Respondents, v JESSIE A. KLAUS et al., Appellants. (Action No. 2.) [706 NYS2d 388] —Order, Supreme Court, New York County (Carol Huff, J.), entered April 12, 1999, which, to the extent appealed from, granted the cross-motions of plaintiffs and the Holtz House defendants for leave to reargue its earlier order, entered November 20, 1998, which inter alia, granted the motion of defendants Pauline Adams and John Klaus for summary judgment dismissing the complaint and cross claims against them in Action No. 1; granted the motion of defendant Jessie Adams Klaus for summary judgment dismissing the complaint against him in Action No. 2; and denied the motion of defendants Holtz House Condominium Association and Maxwell-Kates, Inc. (hereinafter Holtz House defendants) for summary judgment in Action No. 2 to the extent of allowing that part of plaintiffs' claim alleging negligence for failing to repair cracks in concrete around the Klaus' toilet to go forward, and, upon reargument, denied the parties' motions for summary judgment in all respects, unanimously modified, on the law, to the extent of granting the Holtz House defendants' motion in all respects and dismissing the complaint as against them, and as so modified, the order affirmed, without costs.

The Clerk is directed to enter judgment in favor of the Holtz House defendants dismissing the complaint as against them. Appeal from order, same court and Justice, entered November 20, 1998, unanimously dismissed, without costs, as academic in light of the foregoing.

This is a case of a seven-year-old boy, an overflowing toilet and a downstairs neighbor. It is undisputed that, on October 8, 1992, the then seven-year-old Jessie Adams Klaus used the toilet in his parents' fifth floor condominium unit in Holtz House located at 7 East 20th Street in Manhattan. Shortly thereafter, Jessie's father, defendant John Klaus, received a call from his downstairs neighbor, plaintiff Peter B. Kaplan, who operated a photography business in his unit, advising him that water was leaking through his ceiling. Looking for the source of the leak, Mr. Klaus went into the bathroom and saw that the toilet was overflowing on the floor. He immediately stopped the overflow by jiggling the flush control handle and shutting off the water. His wife, defendant Pauline Adams, then mopped up the floor while he went downstairs to help plaintiff clean up.

We agree with the IAS Court on reargument that questions of fact are presented as to whether the overflowing toilet and the resulting property damage to plaintiffs was caused by any negligence on the part of the Klaus defendants. However, there is no basis in the record for making a similar finding with respect to the Holtz House defendants.

On the parties' original motion, the IAS Court found the affidavit of plaintiffs' engineer deficient because, *inter alia*, it was based on "information" of which the affiant was allegedly informed by unnamed sources. Nevertheless, the court found that the Holtz House defendants had not made a prima facie showing of entitlement to summary judgment with respect to knowledge of "cracks that existed around the toilet." However, there is simply no evidence in the record of the presence of any cracks in the concrete floor around the toilet. The only mention of cracks was made in the discounted affidavit of plaintiffs' engineer. Nothing new was added on reargument and, despite the IAS Court's statement on reargument that it had misapprehended certain unspecified issues of fact with respect to the complained-of overflowing toilet, there is still no basis in the record for its denial of summary judgment to the Holtz House defendants.

We have considered the parties' other arguments for affirmative relief and find them unavailing. Concur—Rosenberger, J. P., Nardelli, Ellerin, Lerner and Andrias, JJ.